PER CURIAM.
Respondent, a member of The Florida Bar, brought this matter before the Court seeking an order suspending enforcement of Rule 11.07(3) of Article XI of the Integration Rule of The Florida Bar, providing for automatic suspension of attorneys convicted of felonies.
The record reflects that Respondent is primarily a real estate broker and, although a member of The Florida Bar, he practices only on rare occasions. Respondent was involved with his partner, a former agent for the Internal Revenue Service, in various business enterprises; Respondent asserts that he signed income tax returns prepared by his partner without knowledge of the violations alleged by the Government. Respondent entered a plea of nolo contendere to one violation of filing a false income tax return, which constitutes a felony. Petitioner-Florida Bar originally recommended a suspension of indefinite term, but at oral argument on Respondent’s “Petition to Modify and Terminate Suspension” attorneys for both parties indicated that they were willing to stipulate for a ninety-day suspension with automatic reinstatement.
In view of the total circumstances and the unique nature of this case and in light of the above agreement of the parties, the Court considers the discipline to be adequate and approves the parties’ stipulation.
Respondent is hereby suspended from the practice of law in Florida for a period of ninety days, at the expiration of which time he shall be automatically reinstated. The effective date of this suspension shall be September 22, 1975, the date on which the parties signed the above-mentioned stipulation.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON, ENGLAND and HATCHETT, JJ., concur.