356 So.2d 317 (1978)
THE FLORIDA BAR, Complainant,
v.
John L. PEARCE, Respondent.
No. 52009.
Supreme Court of Florida.
February 23, 1978.
*318 David G. McGunegle, Asst. Staff Counsel, Tallahassee, and Brian T. Hayes, Bar Counsel, Tallahassee, for The Florida Bar, complainant.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against John L. Pearce, a member of The Florida Bar, is presently before us on a complaint of The Florida Bar and report of the referee. Pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.06(9)(b), the referee's report and record were duly filed with this Court. No petition for review, pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.09(1), has been filed.
We summarize the referee's findings of fact as follows:
1. Respondent Pearce is and was at all times hereinafter mentioned a member of The Florida Bar.
2. Respondent was charged with knowing of and participating in plans for witnesses to perjure themselves.
3. On or about September 20, 1973, Ronald W. Brooks, Robert Rahme, David Rahme, David Pfaff, Karen Tenney, and Donald Spicer went to the Brent Wildlife Reserve in Liberty County, near Hosford, Florida, to camp and hunt. Respondent John Pearce was to join them the next morning.
4. At a distance from the campsite was a hog pen on the land of Mr. Duncan Hosford. In the evening after setting up camp, Ronald Brooks, Robert Rahme, and David Pfaff drove to the hog pen, apparently intending to turn the hogs out. While they were at the pen, the men heard a vehicle approaching. Brooks and Pfaff fled into the woods. Rahme tried to escape in the jeep. The incoming vehicle was driven by Hosford who shot and killed Robert Rahme. Pfaff made his way through the woods to the highway and got a ride to Tallahassee.
5. Brooks was picked up the next morning by respondent Pearce on his way to the campsite. Brooks then related to Pearce the previous night's experience concerning the events at the hog pen, the shots, and the escape of Brooks and Pfaff into the woods.
6. Later that morning, the members of the hunting party, respondent Pearce and his girlfriend Trudy Letton met at Brooks' home. Both Brooks and Pfaff were anxious to avoid involvement in the shooting. Therefore, the group agreed to change the testimony which they would give at any proceeding which might be held in connection with the shooting incident. They agreed to testify that Rahme, the deceased, was driving the jeep when the three men left the hunt camp that evening. Rahme put Pfaff out to look for tracks while he drove Brooks home. Thereafter, it would be said, Rahme went on to the hog pen alone. Respondent Pearce was present at this conspiracy or agreement to commit perjury.
7. On September 27, 1973, an inquest was held and respondent Pearce represented Brooks and Pfaff during the proceedings. Tenney, Brooks and Pfaff appeared and testified to the concocted story. The coroner's jury exonerated Hosford in the killing of Robert Rahme. The witnesses' version of Brooks' and Pfaff's participating was not questioned.
8. By letter dated January 7, 1975, Karen Tenney wrote The Florida Bar regarding the false testimony, agreeing to furnish names of persons present the morning "when Mr. Pearce persuaded the witnesses to falsely testify."

*319 9. Investigation was made and Mr. Brooks, Mr. Pfaff and Mr. Pearce were indicted by the grant jury of Liberty County. All have been found not guilty.
10. At the disciplinary proceeding, the witnesses' testimony varied on the extent of respondent's participation in the preparation of the false story. The referee made no specific finding of fact on this issue. However, the existence of an agreement to commit perjury has not been denied by any of those involved. Ronald Brooks admits it. (As a member of The Florida Bar, Brooks' discipline case has been disposed of. 336 So.2d 359 [Fla. 1976]) Spicer, Tenney, and Letton testified to it. Respondent Pearce admits the concocted story in his testimony in the instant disciplinary proceedings.
The referee recommends that respondent be found guilty of violation of Fla. Bar Code Prof. Resp., D.R. 1-102(A)(3)(4)(5) and Fla. Bar Integr. Rule, art. XI, Rule 11.02(3)(a). The referee further recommends that respondent receive a public reprimand. This is consistent with the discipline received by Ronald Brooks whose culpability appears to be equal to that of respondent.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, John L. Pearce, is hereby disciplined by public reprimand to be published in the Southern Reporter.
Costs are assessed against respondent in the amount of $1,420.89.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting:
I respectfully dissent. Respondent Pearce was not involved in the problems of Ronald Wilson Brooks and the others until they approached him concerning representation by Pearce in the event criminal charges were brought. After the findings of the coroner's jury, which exonerated everyone, Karen Tenney, "apparently unhappy over the representation by Mr. Pearce's of Mr. Rahme's ex-wife in Mr. Rahme's estate", complained to The Florida Bar stating that false testimony had been given and that Mr. Pearce "persuaded the witnesses" to testify falsely.
A perjury charge was brought and submitted to a grand jury. Pearce was compelled to attend and testify at grand jury proceedings under a subpoena issued by the State Attorney. Pearce had not been advised that the grievance committee, at the time, was investigating his conduct. By motion to abate, Pearce says that the provisions of Section 914.04, Florida Statutes (1975) grant him immunity. The Bar took the position that the immunity would be applicable only to Count 5 of the complaint and this Count was dismissed. The referee improperly denied the motion to abate which was based upon the statutory immunity given Pearce.
Admittedly, the grievance procedure ended up in a "swearing match". The real culprits said in effect, "we did it, but Pearce made us do it".
One of the principals, Ronald Wilson Brooks, received a public reprimand and costs in the amount of $296.14 were taxed against him. See The Florida Bar (In re Brooks), 336 So.2d 359 (Fla. 1976).
On the other hand, Pearce, who was only indirectly involved, if at all, also received a public reprimand and costs in the amount of $1420.89 were taxed against him.
In my opinion, the charges should be dismissed.