504 So.2d 1231 (1987)
THE FLORIDA BAR, Complainant,
v.
Andrew PAVLICK, Respondent.
No. 67793.
Supreme Court of Florida.
April 2, 1987.
*1232 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel, Miami, for complainant.
Andrew Pavlick, Miami, in pro. per.
BARKETT, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee's report. The Florida Bar has filed a petition for review, contesting the referee's findings and recommended discipline of a two-year suspension with automatic reinstatement. We have jurisdiction. Art. V, § 15, Fla. Const. We adopt the findings and recommendations of the referee with the modification that respondent be required to submit proof of rehabilitation prior to reinstatement.
On June 19, 1984, Pavlick was indicted in the Eastern District of Michigan for conspiracy to import marijuana in violation of 21 U.S.C. § 963 (1981), and conspiracy to possess with intent to distribute and distribution of marijuana in violation of 21 U.S.C. § 846 (1981). On October 26, 1984, Pavlick entered an "Alford"[1] plea in which he pleaded guilty to accessory after the fact to a misprison of a felony[2] in violation of 18 U.S.C. § 3 (1981). On January 4, 1985, Pavlick was adjudicated guilty of the offense charged, fined $250, and sentenced to one year in custody, to be released as if on parole after serving one-third of the term.
As a result of his felony conviction, Pavlick was suspended from the practice of law by order of this Court dated April 24, 1985. Thereafter, The Florida Bar initiated this disciplinary action seeking disbarment.
According to the referee's report, the facts underlying the plea and conviction were as follows: In June 1979, Pavlick was hired to defend three persons who had been arrested in New Orleans, Louisiana, in connection with a marijuana importation scheme. Pavlick retained as co-counsel Louisiana attorney Louis B. Merhige. All three defendants were convicted and sentenced to prison terms. (Subsequently, two of the defendants had their convictions overturned.) Following their conviction, a grand jury was convened in New Orleans to have the defendants testify as to the source of the marijuana. In October 1979, the defendants told government officials at a debriefing session, and later the grand jury, that the backer of the smuggling operation was Jose "Iggy" Azpetitia, a known drug figure who had died prior to the debriefing. That story was later discovered to be false.
Sometime in the middle of 1984, the United States attorney in the Eastern District of Michigan began an investigation of Pavlick and Merhige with regard to the Iggy story. Merhige told the grand jury in Michigan that Pavlick fabricated the Iggy story to hide the true backers of the marijuana operation. Merhige testified further that the lie was concocted between Pavlick and Merhige at a meeting in Tallahassee, Florida, on October 13 or 14, 1979. As a result of Merhige's testimony, Pavlick was indicted along with five others on the drug trafficking charge which subsequently led to the "Alford" plea. Merhige apparently traded this testimony for immunity from the pending indictment.
At the hearing before the referee, Pavlick testified at length to the circumstances which led to the "Alford" plea. Pavlick testified that he did not meet Merhige in Tallahassee on October 13 or 14, 1979, and that he never conspired to get the defendants to lie to the grand jury. Pavlick said that he did attend the debriefing in New Orleans on October 18, 1979, where he *1233 heard for the first time that his clients had some connection with Iggy. Pavlick did not discover the falsity of the Iggy story until the middle of 1984, just prior to his indictment. When questioned by government officials at that time, Pavlick denied having been at the October 13-14 meeting, denied telling his clients to lie, denied knowing the Iggy story was fabricated, and offered to submit to a polygraph exam.
The FBI declined Pavlick's offer to take a polygraph. The referee, however, did allow the results of a polygraph test to be introduced at the hearing below. That exam bore out Pavlick's testimony. Pavlick stated further that Merhige refused to take a polygraph test.
Pavlick also testified that he agreed to plead to the lesser charge in large part because of pressure from his wife. Although denying the charge against him, he concluded that his interests and those of his family (his wife and three little children) required the entry of a plea to avoid the stress of further proceedings and the risk of greater punishment (up to ten years imprisonment). Following the plea hearing, Pavlick continued to protest his innocence and dispute the underlying facts of the offense with which he was charged through letters written by his attorney in Michigan to the United States District Judge who sentenced him.
Based on the foregoing testimony, the referee recommended that Pavlick be found guilty of violating article XI, Rules 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar.[3] The referee stated that he accepted Pavlick's testimony that he submitted to an "Alford" plea rather than go to trial because of his family. He also found that Pavlick has no prior disciplinary convictions, that he has been an exemplary father and family man, and that he has participated in community activities. Based on these factors, the referee recommended that Pavlick be suspended from the practice of law for a period of two years from the date of the conviction with automatic reinstatement at the end of the period of suspension.
In its petition for review, The Florida Bar raises four issues for our consideration. First, the Bar argues that the referee erred in permitting Pavlick to go behind his conviction to assert his innocence. Relying on The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979), and The Florida Bar v. Wilson, 425 So.2d 2 (Fla. 1983), the Bar argues that Pavlick does not have the right to a trial de novo before the referee and that his guilt is conclusively established by his conviction pursuant to article XI, Rule 11.07(4) of the Integration Rule of The Florida Bar.[4]
We agree with the Bar that ordinarily it is not for the referee or for this Court to decide whether or not a lawyer is guilty of the offenses of which he or she has been convicted. However, we believe the Bar has misperceived the findings and conclusions of the referee. There is no question that the referee did not attempt to retry the respondent's felony case. To the contrary, notwithstanding his reservations, the referee specifically found respondent guilty of the allegations charged:
I recommend that the Respondent be found guilty and specifically that he be found guilty of Article XI Rules 11.02(3)(a) and (b) Integration Rules of the Florida Bar as Mr. Pavlick, in fact, pled *1234 to a felony charge as recited above. There is great question in my mind concerning the background of this plea under the circumstances enumerated above.
The issue presented here is whether an attorney, in a disbarment proceeding based on a felony conviction, may offer in mitigation evidence of the circumstances surrounding an "Alford" plea. We have already answered that question in the affirmative. In State ex rel. Florida Bar v. Evans, 94 So.2d 730 (Fla. 1957), which involved a conviction of income tax evasion based on a plea of nolo contendere, we held that:

[I]n a disbarment proceeding based on conviction of a crime, the proof of conviction and an adjudication of guilt are sufficient to establish a prima facie case for disciplinary action. Due process, however, requires that the accused lawyer shall be given full opportunity to explain the circumstances and otherwise offer testimony in excuse or in mitigation of the penalty.

... .
We are of the view that when a lawyer is found guilty of a felony the adjudication of guilt is sufficient to justify setting in motion the disciplinary process. It may not, of itself, always prove him unfit to practice law. However, when not adequately controverted or explained after a full and fair hearing, the judgment of guilt may then constitute the basis for disciplinary action. [Citations omitted, emphasis added.]
Id. at 735. See The Florida Bar v. Lancaster, 448 So.2d 1019, 1022 (Fla. 1984) (important factor is not whether there has been an actual adjudication of guilt but whether attorney has been given chance to explain circumstances surrounding plea of nolo contendere and otherwise contest the inference that he engaged in illegal conduct); The Florida Bar v. Fussell, 179 So.2d 852, 854 (Fla. 1965) (due process requires that a lawyer be given an opportunity to explain the circumstances and to offer testimony in excuse or in mitigation of the penalty).
Going behind the conviction in this situation clearly does not involve a "trial de novo." Consistent with his "Alford" plea, respondent presented his version of the underlying case and his reasons for the plea. The imposition of discipline without affording the accused an opportunity to explain under these circumstances would violate due process. We conclude, therefore, that the referee did not err in permitting Pavlick to present this evidence in mitigation.
The Bar next argues that the referee erred in denying it an opportunity to present witnesses and evidence to rebut Pavlick's testimony regarding the facts underlying the guilty plea. The record shows that at the conclusion of the hearing below, the Bar requested a delay to call a witness or two to give a more "complete version" of the facts. The referee refused to delay the hearing but did accept the Bar's proffer of two documents (Merhige's testimony before the grand jury and a letter to the Bar from the United States Attorney who prosecuted the case against Pavlick) supporting what the testimony would have been.
We agree that ordinarily the Bar must be allowed to present rebuttal testimony. We do not believe, however, that the referee's refusal to grant the Bar's eleventh hour request for a delay in this instance was improper. The Bar does not claim that it was surprised by the testimony offered at the hearing or that it was unable to obtain in advance whatever testimony it sought to introduce. The record shows that the Bar was first provided with a full recitation of Pavlick's version of the facts by correspondence dated June 26, 1985. That version was reiterated in a detailed response to the complaint which was filed on November 4, 1985. Pavlick was continuously available to be deposed and was in fact deposed on April 10, 1986, when he stated essentially the same testimony that was presented at the hearing. In light of the foregoing, we find that the referee properly denied the Bar's request for a continuance.
With regard to the referee's recommended discipline, the Bar first contends that a two-year suspension is too lenient. *1235 The Bar argues that the conduct of which Pavlick was accused and convicted deserves disbarment. The Bar further contends that article XI, Rule 11.07(4) of the Integration Rule mandates a minimum three-year suspension for felony convictions. Finally, the Bar contends that the referee erred in ordering automatic reinstatement at the end of the suspension period.
The Bar's argument in favor of disbarment is predicated entirely upon excluding the evidence relating to the facts underlying Pavlick's plea. Because we have already determined that the evidence presented was properly admitted as mitigating evidence, we reject the Bar's position that conviction alone necessarily requires disbarment. We note further that neither the Integration Rule nor case law mandates disbarment for all attorneys who are convicted of a felony. See The Florida Bar v. Chosid, 500 So.2d 150 (Fla. 1987); The Florida Bar v. Carbonaro, 464 So.2d 549 (Fla. 1985). Nor does the Integration Rule require a three-year suspension in such cases. See article XI, Rule 11.07(4), Integration Rule (suspension imposed upon proof of conviction of a felony must remain in effect for three years "[u]nless the Supreme Court permits an earlier application for reinstatement").
This Court has approved periods of suspension shorter than three years in cases involving nolo contendere pleas. See The Florida Bar v. Miller, 322 So.2d 502 (Fla. 1975) (ninety-day suspension). Furthermore, in cases which have involved similar misconduct, we have imposed lighter punishments than the discipline recommended here. See, e.g., The Florida Bar v. Pettie, 424 So.2d 734 (Fla. 1982) (one-year suspension); The Florida Bar v. Simons, 391 So.2d 684 (Fla. 1980) (three-month suspension and public reprimand); The Florida Bar v. Pearce, 356 So.2d 317 (Fla. 1978) (public reprimand).
The referee concluded that Pavlick was telling the truth with regard to the facts underlying and leading up to the charges of which he was convicted. The referee's finding of fact is presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. The Florida Bar v. Price, 478 So.2d 812 (Fla. 1985). The referee's findings and conclusions are supported by substantial competent evidence. We hold, therefore, that a two-year suspension is appropriate. We do find, however, that the referee erred in recommending automatic reinstatement following the suspension. Article XI, Rule 11.10(4), Integration Rule ("a suspension of more than three months shall require proof of rehabilitation"); The Florida Bar v. Musleh, 453 So.2d 794, 797 (Fla. 1984).
Accordingly, we adopt the referee's findings and recommendations of guilt and suspend Pavlick for a period of two years, retroactive to January 4, 1985, the effective date of his felony conviction, and thereafter until proof of rehabilitation. Judgment for costs in the amount of $1,350.80 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., OVERTON, J., and ADKINS, J. (Ret.), concur.
EHRLICH, J., dissents with an opinion, in which SHAW, J., concurs.
EHRLICH, Justice, dissenting.
I think the bar got cut off at the pass. The referee permitted mitigation evidence of the circumstances surrounding the "Alford" plea but precluded the bar from presenting rebuttal testimony, and this appears to me to be wrong and error.
The referee was impressed with, and apparently influenced by, testimony of a witness who administered a polygraph test to respondent, which evidence, while admissible in a bar proceeding, would be clearly inadmissible in a trial because the reliability of a polygraph test has not been proven. The referee was clearly influenced by respondent's testimony as to his "Alford" plea.
Likewise, the referee gave credence to the hearsay testimony of respondent that Mr. Merhige, respondent's principal accuser, had refused to take a polygraph test, *1236 and the referee concluded that Mr. Merhige's testimony is suspect, even though he had heard none of it.
It would appear that elemental fairness requires that the bar be given an opportunity to rebut this so called mitigating evidence even at the cost of a short continuance.
SHAW, J., concurs.
NOTES
[1] "[A] plea ... containing a protestation of innocence when... a defendant intelligently concludes that his interests require entry of a guilty plea... ." North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).
[2] The charge means that the accused heard or knew through a secondary source that a crime had been committed and failed to report it, having a duty to do so.
[3] Article XI, Rule 11.02(3) of the Integration Rule provides in part:

(3) Moral conduct.
(a) Standards. ... The commission by a lawyer of any act contrary to honesty, justice, or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline.
(b) Crime. If the alleged misconduct constitutes a felony or misdemeanor, The Florida Bar may initiate disciplinary action whether or not the accused attorney has been tried, acquitted, or convicted in a court for the alleged criminal offense... .
[4] Article XI, Rule 11.07(4) of the Integration Rule provides that:

If a determination or judgment of guilt of a felony is entered against a member of The Florida Bar and becomes final without appeal ... such judgment shall be conclusive proof of the guilt of the offense charged.