527 So.2d 816 (1988)
THE FLORIDA BAR, Complainant,
v.
Melvin R. HORNE, Respondent.
No. 70932.
Supreme Court of Florida.
July 7, 1988.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
Mallory E. Horne, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee's report. Since the report is uncontested, our review is conducted pursuant to Rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
The pertinent portions of the referee's report read as follows:
There is no dispute as to the conviction of federal felony as set forth herein. In the testimony by Respondent, MELVIN R. HORNE, before the undersigned, he explained how he became enmeshed in dealings and machinations of his client and fellow conspirator, Robert John Dugan, with no intention of committing the unlawful acts he was charged with or any inkling of the scheme he had unknowingly participated in. In the lengthy trial, the government prosecuted the case vigorously and Respondent fiercely defended himself but was convicted on four counts.
In Count I, he was charged with knowingly and willfully conspiring with his *817 client, Dugan, to impede and obstruct the collection of income tax setting forth with particularity the various methods and acts employed to accomplish this objective. He was found guilty on this Count and was sentenced to serve five years imprisonment commencing January 3, 1986.
Respondent was also found guilty and adjudicated guilty of Counts II, VII, and XII, constituting various acts in violation of federal statutes. In each of these counts, he was committed to custody of the federal attorney general for a period of five years imprisonment but execution of sentence was suspended and he was placed on probation for five years beginning at the conclusion of the five year imprisonment imposed under Count I. All probation to run consecutive to imprisonment imposed in Count I.
These proceedings were affirmed on appeal.
It was not appropriate nor proper to receive evidence bearing on guilt or innocence of Respondent of the original criminal charge. However, Respondent was given opportunity to testify as to any facts which might be considered in mitigation of the sanctions administered in these disciplinary proceedings.
Paragraph 3-7.2(b), Rules of Discipline, provide that a determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon a felony trial
... shall be conclusive proof of guilt of the criminal offense charged for the purposes of these rules.
Consequently, the allegations included in the charges attached to the Complaint are proven facts.
The charges set forth in Paragraph Seven of the Complaint in this disciplinary proceeding and the findings of the Court thereon, are as follows:
1. Charge: Disciplinary Rule 1-102(A)(1): A lawyer shall not violate a disciplinary rule.
Finding: As would be established by findings on succeeding charges, there is ample evidence that Respondent has violated numerous disciplinary rules.
2. Charge: Disciplinary Rule 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude.
Finding: Respondent's client, Dugan, illegally derived from importation and distribution of controlled substances, considerable assets. Respondent conspired with Dugan to form a foreign corporation and do other illegal acts to "launder" these illegally gained assets. This conduct on the part of Respondent constituted illegal conduct of moral depravity.
3. Charge: Disciplinary Rule 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
Finding: The plan and actions of Respondent was to defraud the U.S. Treasury out of substantial income taxes owed by Dugan derived from property he was accumulating from importation and sale of controlled substances. The entire dealings with Dugan was fraught with dishonesty, misrepresentation, and fraud.
4. Charge: Disciplinary Rule 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice.
Finding: "Administration of justice" is the administering or direction of the right thing or the proper, lawful thing. This entire scheme Respondent was involved with was to do anything but the right or lawful act. The "bottom line" of the entire endeavor was to enable Dugan to avoid payment of income tax on his financial endeavors. The setting up of a foreign corporation in "laundering" of funds was all done in furthering of this goal.
5. Charge: Disciplinary Rule 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.
Finding: The money "laundering" scheme was adverse to the integrity of Respondent as an attorney. It constituted a serious criminal violation.

*818 6. Charge: Integration Rule of The Florida Bar, article XI, Rule 11.02(3)(a): An attorney shall not engage in any act contrary to honesty, justice, or good morals.
Finding: Respondent participated in schemes to hide assets of his client Dugan so he could evade payment of income taxes and not be required to forfeit certain assets because of his illegal business deals.
Having found the facts to be as recited above, the referee recommended that respondent be found guilty on all disciplinary charges. On the matter of discipline, the referee recommended that respondent be disbarred.
We approve the referee's report. Melvin R. Horne is hereby disbarred, effective immediately.
The costs of this proceeding are assessed against the respondent. Judgment is entered against Melvin R. Horne for costs in the amount of $528.50, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.