550 So.2d 462 (1989)
THE FLORIDA BAR, Complainant,
v.
Leo B. WEST, Respondent.
No. 72424.
Supreme Court of Florida.
October 26, 1989.
*463 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Warren Jay Stamm, Bar Counsel, and Paul A. Gross and Louis Thaler, Co-Bar Counsel, Miami, for complainant.
James M. Stark, Fort Lauderdale, for respondent.
PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar challenging the referee's report, which recommended, in part, that Leo B. West be suspended from the practice of law for eighteen months, after which West would be automatically reinstated. We have jurisdiction. Art. V, § 15, Fla. Const. The Bar asserts that the referee had no authority to recommend automatic reinstatement. We agree and find that the applicable rule clearly directs that any suspension of a lawyer for more than ninety days requires a separate reinstatement proceeding.
The record reflects that on or about August 20, 1987, West pled guilty to possession of cocaine, in violation of section 893.13, Florida Statutes (1987). The trial court placed West on probation for three years, required West to complete a drug treatment program, and fined West $5,000. Additionally, West was automatically suspended from the practice of law for a period of three years, commencing August 20, 1987. Subsequently, West filed a petition to modify or terminate the suspension, which this Court denied on September 2, 1988. On March 16, 1989, the referee found West guilty of violating Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); Disciplinary Rule 1-102(A)(6) (engaging in conduct adversely reflecting on one's fitness to practice law), of the former Florida Bar Code of Professional Conduct, and article XI, Rule 11.02(3)(a) (commission of an act contrary to honesty, justice, or good morals), and article XI, Rule 11.02(3)(b) (commission of a crime), of the former Integration Rule of The Florida Bar. For these violations, the referee recommended that West be suspended from the practice of law for eighteen months, commencing August 20, 1987. Additionally, the referee recommended that West be placed on probation for two years following his suspension and set forth various conditions concerning the suspension and probationary periods. The referee also recommended that reinstatement be automatic upon completion of the suspension.
The Florida Bar contends that the referee has no authority to recommend that West be automatically reinstated upon the completion of his suspension period. Rule 3-5.1(e), Rules Regulating The Florida Bar, states, in pertinent part: "A suspension of more than ninety (90) days shall require proof of rehabilitation and may require passage of all or part of the Florida bar examination." (Emphasis added.) See The Florida Bar v. Pavlick, 504 So.2d 1231 (Fla. 1987); The Florida Bar v. Musleh, 453 So.2d 794 (Fla. 1984). We find that this rule controls.
Accordingly, we approve the referee's findings of fact and his recommendation that Leo B. West be suspended from the practice of law for a period of eighteen months, commencing August 20, 1987. We find this period of suspension to be appropriate in light of the following statement made by the referee:
Respondent has cooperated with The Florida Bar and has readily admitted his wrongdoing. He has notified his clients of his suspension. Prior to being suspended, Respondent has completed a drug treatment program and continues with alcohol counseling.
Contrary to the referee's recommendation, we find that West may be reinstated only upon proof of rehabilitation. Any probationary period and conditions of probation *464 are more appropriately considered in the reinstatement proceeding. Judgment for costs in the amount of $782.50 is hereby entered against Leo B. West, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.