631 So.2d 1081 (1994)
THE FLORIDA BAR, Complainant,
v.
Barry D. SCHREIBER, Respondent.
No. 80857.
Supreme Court of Florida.
February 3, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Barry D. Schreiber, pro se.
PER CURIAM.
Barry Schreiber, a member of The Florida Bar, petitions for review of a referee's report recommending that he be suspended from the practice of law. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and approve the referee's report and recommendations, with modifications.
In February 1991 Schreiber beat up his girlfriend, and the state charged him with a misdemeanor battery. Schreiber pled nolo contendere to the charge, and the circuit court withheld adjudication, placed him on six months' probation, and imposed court costs of $500. Later, Schreiber had the records of the case sealed. The bar filed a complaint against Schreiber charging that he violated Rule Regulating The Florida Bar 4-8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and this Court appointed a referee to conduct the disciplinary proceedings.
Schreiber moved to Israel and did not return to Florida for any of these proceedings. He did, however, file an offer of judgment, which the bar rejected and which the referee found to be legally insufficient. The referee held an evidentiary hearing at which the bar presented testimony from the victim, her brother-in-law, and an assistant state attorney. On the bar's motion the circuit court had unsealed Schreiber's records, and the bar also introduced them. Schreiber had asked in writing for a transcript of the proceedings to be followed by a telephonic conference in which he could respond to the bar's presentation. The referee scheduled such a conference for the month following the evidentiary hearing.
Instead of the telephone conference, however, Schreiber filed a motion for a directed verdict or, in the alternative, a continuance. The referee denied the motion, finding that it *1082 had no merit or substance. She also recommended that Schreiber be suspended from the practice of law for 120 days with the following conditions: 1) successfully complete the bar exam, including the ethics portion; 2) have an evaluation by a licensed clinical psychologist; 3) attend and complete a program for men who batter women; and 4) pay the costs of the proceedings.
On his petition for review Schreiber argues that the bar did not prove the allegations in the complaint, that he did not violate the rules, that he was denied due process, and that the recommended disciplinary measures are improper. We disagree.
As stated in Florida's Standards for Imposing Lawyer Sanctions 5.12, "a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence ... are in that category" and warrant suspension. The bar proved that Schreiber had committed a crime of violence. Pleading nolo contendere to a misdemeanor is relevant to an attorney's fitness to practice law. The Fla. Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984). "Due process, however, requires that the accused lawyer shall be given full opportunity to explain the circumstances and otherwise offer testimony in excuse or mitigation of the penalty." State ex rel. The Fla. Bar v. Evans, 94 So.2d 730, 735 (Fla. 1957). The referee gave Schreiber every opportunity to explain the offense, but he chose not to avail himself of those opportunities.
We agree with the referee's finding that Schreiber's criminal actions "affected the perception of the public that the lawyers of this state do uphold the laws and do not intentionally batter women, intentionally harass them or torment them." We find that the 120-day suspension is warranted, but modify the recommended conditions.
Therefore, we hereby suspend Barry D. Schreiber from the practice of law for a period of 120 days and direct that he fulfill the following conditions before being eligible for reinstatement: 1) attend and successfully complete a program for batterers of women, such as that offered by the Women in Distress Program in Broward County or its equivalent in Dade County or the country of Israel where Schreiber currently resides, with proof of successful completion forwarded to The Florida Bar and the Supreme Court; and 2) pay costs. The suspension will be effective thirty days from the filing of this opinion unless Schreiber notifies this Court in writing that he is no longer practicing and does not need the thirty-day period to protect existing clients, in which case we will make the suspension effective immediately. Schreiber will accept no new business from the date this opinion is filed. Judgment for costs in the amount of $2,305.26 is hereby entered, for which sum execution may issue.
It is so ordered.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., recused.