646 So.2d 188 (1994)
THE FLORIDA BAR, Complainant,
v.
Seymour FRIEDMAN, Respondent.
No. 82536.
Supreme Court of Florida.
December 1, 1994.
*189 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Alisa M. Smith, Bar Counsel, Tallahassee, for complainant.
Seymour Friedman, pro se.
PER CURIAM.
Attorney Seymour Friedman petitions this Court for review of the referee's recommendation that he receive a suspension from the practice of law in the State of Florida for an indefinite period of time with permission to petition for reinstatement upon his readmission to the New York Bar. We have jurisdiction based on article V, section 15 of the Florida Constitution. We approve the referee's report.
On February 28, 1991, the New York Appellate Division Second Judicial Department filed a five-count complaint against Seymour Friedman.[1] On August 23, 1993, the New York court entered its written order of disbarment. Several months later, Friedman's order of disbarment was vacated due to mitigating circumstances. In lieu of disbarment, Friedman was suspended from the practice of law for five years.
Subsequently, the Florida Bar filed its complaint against Friedman based upon the disciplinary action taken in New York. The matter was heard before Judge W. Herbert Moriarty, and the following relevant findings of fact were entered:
1. In the instant proceeding, the respondent failed to establish that the New York disciplinary proceedings were deficient or lacking in due process. (RR-4).
2. Respondent failed to show either an infirmity of proof that the New York judgment should not be followed or some other reason not to accept the consequences of that judgment and no transcript of the New York proceedings was filed with this Court. (RR-4).
Based on these findings, the referee recommended that Friedman be found guilty of misconduct for violating the Rules of Professional Conduct, or knowingly assisting another to do so, in violation of rule 4-8.4(a), and guilty of misconduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 4-8.4(c) of the Rules of Professional Conduct of the Florida Bar.
The referee recommended that Friedman be suspended indefinitely pending his reinstatement to the Bar in New York. The referee based his recommendation upon rule 3-4.6, which provides as follows:

*190 A final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.
R. Regulating Fla. Bar 3-4.6. Despite his ultimate recommendation, the referee expressed concern as to whether Florida should accept a foreign jurisdiction's adjudication of guilt when that finding is premised on a preponderance of the evidence standard since the standard in Florida is clear and convincing evidence.
Lawyer discipline standards are designed to guide the disciplinary body to impose sanctions consistent with
clear and convincing evidence that a member of the legal profession has violated a provision of the Rules ... (or applicable standard under the laws of the jurisdiction where the proceeding is brought).
Fla.Stds.Imposing Law.Sancs. 1.3. By the use of the words "or applicable standard under the laws of the jurisdiction where the proceeding is brought," this standard recognizes that foreign jurisdictions may employ standards different than those employed in our disciplinary proceedings. The plain language of rule 3-4.6 provides that when an attorney is found guilty in a foreign jurisdiction of misconduct, it "shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule."
In The Florida Bar v. Wilkes, 179 So.2d 193, 197 (Fla. 1965) we construed Rule 11.02(6) of the Integration Rule, now referred to as rule 3-4.6, and held:
We therefore conclude that under Rule 11.02(6), the introduction in evidence of a properly authenticated judgment of discipline entered by a competent agency of a sister state shall operate as conclusive proof of guilt of the acts of misconduct adjudicated in that judgment, but that the discipline to be awarded for such acts by this state shall be determined by this court and its agencies in the same manner as in all other disciplinary proceedings.
In Wilkes, we explained that the burden rests with an accused attorney to show any deficiency in the foreign judgment and why Florida should not be bound by it. Id. at 198.
Consistent with the plain language of the rule, and our holding in Wilkes, we will initially accept a foreign jurisdiction's adjudication of guilt as conclusive proof of guilt of the misconduct charged. The burden then rests with the accused attorney to demonstrate why the foreign judgment is not valid or why Florida should not accept it and impose sanctions based thereon.
Accordingly, the burden was on Friedman to demonstrate that New York's proceedings were deficient. However, as determined by the referee, Friedman failed to meet his burden. As the referee's report indicates, Friedman was given ample opportunity before and during his disciplinary proceeding to demonstrate any inadequacies in the New York forum. For instance, he could have made the New York transcript available to the reviewing referee, but failed to do so.[2]
Therefore, we find that Friedman failed to show why the New York judgment was deficient and why Florida should not be bound thereby. For this reason, we approve the referee's report in its entirety. We also reject Friedman's claim that his discipline should be minor because of the alleged discrepancies in proof of the New York order. Given the seriousness of the misconduct alleged and proven in New York, we agree that a similar suspension is warranted here. Friedman is hereby suspended from the practice of law in Florida until such time as he is reinstated in the New York Bar and shows proof of rehabilitation as required under rule 3-5.1(e) of the Rules of Discipline. Friedman's suspension shall be effective thirty days from the filing of this opinion, thus *191 giving him time to close out his practice and protect the interests of his clients. Friedman shall not accept new business from the date of this opinion. Judgment is entered against Friedman for costs in the amount of $679.75, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Count one alleged that Friedman had instructed his client to give testimony which he knew to be false. Count two alleged that from approximately January 1984 through July 1986, Friedman had improperly commingled a client's funds with funds of his own. Count three alleged that from approximately July 1986 through February 1988, Friedman had commingled a client's funds with his own. Count four alleged Friedman had deposited a client's settlement monies into his escrow account, and due to insufficient funds the bank dishonored the client's check. Count five alleged Friedman had engaged in a pattern of professional misconduct by issuing checks drawn upon his escrow accounts which failed to clear those accounts when presented for payment.
[2] The referee was given, for consideration in the instant disciplinary proceeding, copies of the detailed findings of the New York proceedings, (i.e., the decision and order on motion dated December 10, 1993 vacating disbarment; the opinion and order dated August 23, 1993 imposing disbarment; the particularized 21-page special referee findings).