766 So.2d 1004 (2000)
THE FLORIDA BAR, Complainant,
v.
Lijyasu Mahomet KANDEKORE, Respondent.
No. SC87538.
Supreme Court of Florida.
June 1, 2000.
Rehearing Denied September 1, 2000.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff *1005 Counsel, Tallahassee, Florida, and Randi Klayman Lazarus, Bar Counsel, Miami, Florida, for Complainant.
Lijyasu Mahomet Kandekore, Miami, Florida, Respondent, pro se.
PER CURIAM.
We have for review the report of the referee recommending that disciplinary measures be imposed upon respondent, Lijyasu M. Kandekore, for alleged ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const.

FACTS
On April 28, 1995, a New York trial court adjudicated Kandekore guilty of three offenses: second-degree assault (assaulting a police officer), a felony in the State of New York; resisting arrest; and driving with impaired ability. Kandekore's felony conviction spawned the following two disciplinary actions by The Florida Bar.
In the first action, case number 86,224, the Bar filed a Notice of Determination of Guilt pursuant to Rule Regulating The Florida Bar 3-7.2 seeking Kandekore's automatic suspension based upon his New York felony conviction. Kandekore filed a Petition to Modify or Terminate Suspension. On November 1, 1995, this Court stayed Kandekore's suspension pending the disposition of his criminal appeal in New York. When a New York appellate court affirmed the convictions, this Court lifted the stay and suspended Kandekore. See Florida Bar v. Kandekore, 729 So.2d 395 (Fla.1999).
The Bar's second disciplinary action forms the basis of the instant case. On March 8, 1996, the Bar filed a complaint against Kandekore pursuant to Rule Regulating The Florida Bar 3-7.2(j)(2) (providing that a final adjudication of misconduct by a court in another jurisdiction "shall be sufficient basis for the filing of a complaint by The Florida Bar ... without a finding of probable cause under these rules"). The Bar asserted that Kandekore had been disbarred in the State of New York as a result of his felony conviction. Arguing that Kandekore had violated Rule Regulating The Florida Bar 4-8.4(b) (prohibiting attorneys from committing criminal acts which reflect adversely on honesty, trustworthiness or fitness as a lawyer in other respects), the Bar asked this Court to discipline him.
The Court appointed a referee to Kandekore's case and a hearing was held. At the hearing, Kandekore presented no evidence. He only made a request for a continuance, which the referee denied. The Bar presented evidence, including the testimony given at Kandekore's criminal trial by the law enforcement officer Kandekore had been convicted of assaulting.
On August 2, 1996, the referee issued his report. The referee found that Kandekore had been convicted of a felony in New York, but that an appeal was pending. In light of the fact that the stay imposed in case number 86,224 was still in effect at the time of his report, the referee recommended that the instant case be dismissed. The referee also recommended that the Bar's request for "reciprocal discipline" be denied because (1) Kandekore received no hearing prior to his disbarment in New York, and (2) Kandekore was entitled to the benefit of the previous stay imposed by this Court.
On June 4, 1997, this Court declined to dismiss the instant case. Instead, the Court stayed proceedings against Kandekore pending the outcome of his criminal appeal in New York as it had done in case number 86,224. After Kandekore's New York convictions were affirmed, the Court lifted the stay in the instant case and returned the record to the referee for a supplemental report.
In the supplemental report, the referee incorporated the findings of fact from his report of August 2, 1996. The referee recommended that Kandekore be disbarred and stated that "this recommendation is based on the testimony and evidence taken on July 26, 1996, together *1006 with the affirmance of respondent's convictions in the State of New York."
Kandekore has petitioned for review. He presents four arguments as to why this Court should not adopt the referee's recommendation. First, Kandekore claims that the referee erred in refusing to grant him a continuance. Second, he argues that the referee's failure to grant him a continuance denied him due process. Kandekore's third argument is not entirely clear; however, he appears to argue either that his New York conviction should not serve as conclusive proof that he committed a felony, or that his disbarment in New York based on his conviction should not serve as conclusive proof of the misconduct charged (i.e., assault of a law enforcement officer). Fourth, Kandekore asserts that the referee's recommendation of disbarment is too severe. We address each of Kandekore's arguments in turn.

THE PROPRIETY OF THE REFEREE'S REFUSAL TO GRANT KANDEKORE A CONTINUANCE
This Court has held in the past that a referee may properly deny an "eleventh hour" request for a delay in the proceedings. See Florida Bar v. Pavlick, 504 So.2d 1231, 1234 (Fla.1987); Florida Bar v. Lipman, 497 So.2d 1165, 1167-68 (Fla. 1986) (finding that "[i]t is within the sound discretion of the referee ... to grant or deny a motion for continuance" and that "[s]uch a ruling will not be disturbed by this Court absent a clear abuse of discretion"). In Pavlick, The Florida Bar sought a delay in the proceedings so that it could provide "a more complete version of the facts." 504 So.2d at 1234. This Court held that the referee did not err in denying the request since the Bar failed to demonstrate that it could not have obtained this evidence earlier. Id.
In arguing for a continuance, Kandekore neither claimed that he failed to receive notice of the hearing nor alleged that he was unable to receive the evidence he wished to present prior to the hearing. Rather, he appeared totally unprepared, and failed to offer any explanation as to why, other than stating his belief that the hearing was "supposed to be an inquiry" and that the Bar was supposed to provide the referee with "all of the facts." In light of Kandekore's lack of explanation for his "eleventh hour" request, we conclude that the referee did not abuse his discretion in denying Kandekore's request for a continuance.

THE DUE PROCESS CHALLENGE
Kandekore next argues that he was denied due process because he was not allowed to present evidence at the hearing challenging the fairness of the proceedings in New York. He also argues that he was denied due process because he was not given the opportunity to present evidence in support of mitigation. See, e.g., Florida Bar v. Carricarte, 733 So.2d 975, 979 (Fla. 1999) ("[D]ue process requires that the attorney be permitted to explain the circumstances of the alleged offense and to offer testimony in mitigation of any penalty to be imposed."); Pavlick, 504 So.2d at 1234 ("Due process ... requires that the accused lawyer shall be given full opportunity to explain the circumstances and otherwise offer testimony in excuse or in mitigation of the penalty.").
However, contrary to Kandekore's claims, a properly noticed hearing in this case was held on July 26, 1996. At this hearing, Kandekore could have, and should have, presented mitigating evidence and challenged the fairness of the disciplinary proceedings in New York. Instead of doing so, he requested a continuance. Kandekore's erroneous belief that the Bar was supposed to provide the referee with all of the facts at the hearing does not elevate the referee's refusal to grant a continuance to a denial of due process. Rule Regulating The Florida Bar 3-7.6(b) expressly states that proceedings before a referee are adversarial and rule 3-4.1 charges every member of the Bar with notice of the Rules of Discipline. Therefore, Kandekore should have known that the Bar *1007 would not present "both sides" of his case at the hearing. Because Kandekore had the opportunity to present evidence, but in effect waived it by arriving at the hearing unprepared, we conclude that Kandekore was not denied due process.

OUT-OF-STATE PROCEEDINGS SERVING AS CONCLUSIVE PROOF IN FLORIDA DISCIPLINARY PROCEEDINGS
It is not entirely clear whether Kandekore is arguing that his New York conviction should not serve as conclusive proof that he committed a felony, or that his disbarment in New York based on his conviction should not serve as conclusive proof of the misconduct charged. For the reasons expressed below, we conclude that neither argument has merit. Further, we find that the felony committed by Kandekore, assault of a law enforcement officer, reflects adversely on his fitness as a lawyer, thereby violating Rule Regulating The Florida Bar 4-8.4(b).

A. Whether an out-of-state conviction may serve as conclusive proof of the criminal offense charged
Under Rule Regulating The Florida Bar 3-7.2(b), a conviction serves as conclusive proof of guilt of the criminal offense charged. See also R. Regulating Fla. Bar 3-7.2(i)(3) (providing that "where the underlying criminal charges constitute felony charges, determinations or judgments of guilt shall ... constitute conclusive proof of the criminal offense(s) charged"). This Court has held that a referee may not "go behind" a conviction to determine whether or not the attorney is actually guilty of the offense. The attorney may only testify as to facts which may be considered in mitigation of the sanctions to be imposed. See Florida Bar v. Vernell, 374 So.2d 473 (Fla.1979); Florida Bar v. Horne, 527 So.2d 816 (Fla.1988). Therefore, Kandekore's felony conviction must be taken as conclusive proof of the crime he is alleged to have committed, assault of a law enforcement officer, and he may not challenge the validity of his New York conviction in the instant proceedings.

B. Whether an out-of-state disciplinary adjudication of guilt may serve as conclusive proof of the misconduct charged
Under Rule Regulating The Florida Bar 3-4.6, when an attorney is adjudicated guilty of misconduct by the disciplinary agency of another jurisdiction, the adjudication serves as conclusive proof of commission of the misconduct charged. However, in Florida Bar v. Wilkes, 179 So.2d 193, 198 (Fla.1965), this Court noted that it is not automatically bound by an out-of-state determination of guilt by a disciplinary agency, and provided the following standard for determining whether a sister state's adjudication should be accepted as conclusive:
[W]hen the accused attorney shows that the proceeding in the foreign state was so deficient or lacking in notice or opportunity to be heard, that there was such a paucity of proof, or that there was some other grave reason which would make it unjust to accept the foreign judgment as conclusive proof of guilt of the misconduct involved Florida can elect not to be bound thereby.
Id. The Court expressly noted that "the burden of showing why a foreign judgment should not operate as conclusive proof of guilt in a Florida disciplinary proceeding is on the accused attorney." Id. (emphasis added).
The standard articulated in Wilkes was applied by this Court in Florida Bar v. Friedman, 646 So.2d 188 (Fla.1994). In Friedman, the State of New York suspended an attorney for five years for numerous violations. Id. at 189. The Florida Bar then filed a complaint against that attorney based upon the New York Bar's action. Id. In accepting the New York judgment as binding, and suspending the attorney until his reinstatement in New York, this Court noted that

*1008 the burden was on Friedman to demonstrate that New York's proceedings were deficient. However, as determined by the referee, Friedman failed to meet his burden. As the referee's report indicates, Friedman was given ample opportunity before and during his disciplinary proceeding to demonstrate any inadequacies in the New York forum ... but [he] failed to do so.
Id. at 190.
In the instant case, Kandekore presented no evidence whatsoever at the hearing to challenge the fairness or the validity of the disciplinary proceedings in New York. Thus, as in Friedman, we conclude that Kandekore has failed to meet his burden of demonstrating that New York's disciplinary proceedings were deficient. Therefore, we accept New York's disciplinary adjudication as conclusive proof of Kandekore's commission of the misconduct charged; that is, assault of a law enforcement officer. See Wilkes, 179 So.2d at 198.

C. Whether assault of a law enforcement officer violates Rule 4-8.4(b)
Accepting Kandekore's assault of a law enforcement officer as conclusively proven does not end our inquiry. We must next decide whether such conduct constitutes a criminal act that reflects adversely on Kandekore's fitness as a lawyer. See R. Regulating Fla. Bar 4-8.4(b). Generally speaking, the commission of a violent crime violates rule 4-8.4(b). For example, in Florida Bar v. Schreiber, 631 So.2d 1081 (Fla.1994), based on an attorney's plea of no contest to charges that he battered his girlfriend, the Bar charged the attorney with violating rule 4-8.4(b). From the testimony given at the evidentiary hearing, the Court concluded that the Bar proved Schreiber had committed a crime of violence and that his conduct violated rule 4-8.4(b) because it "affected the perception of the public that the lawyers of this state do uphold the laws." Id. at 1082. See also R. Regulating Fla. Bar 4-8.4(b) cmt. ("Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence ... are in that category.") (emphasis added.).
In this instant case, Kandekore was criminally convicted of assaulting a law enforcement officer. Further, at Kandekore's disciplinary hearing, the Bar read into the record the following testimony given at Kandekore's criminal trial by the officer who was assaulted:
As I was punched in the chest and punched in the head with a closed fist, I stepped back for a second and then I pushed the driver backwards. I pushed him down to the ground and I advised him, "Sir, you're under arrest. Stay on the ground."
He ignored that. He got up. He attacked me a second time and again, I was able to defend myself and push him back down to the ground and again I reiterated, "Sir, you're under arrest. Stay on the ground."
He refused. He got up. This time he was able to get lower being I was two steps above him. He bent down, grabbed me down around my legs like a football tackle, and picked me up over his head and body-slammed me head first into the pavement.
From this and other evidence presented at the Bar's disciplinary hearing, we conclude that the Bar has proven Kandekore's assault of a New York police officer was a crime of violence, and that Kandekore has violated rule 4-8.4(b).

DISCIPLINE
Under Florida Standard for Imposing Lawyer Sanctions 5.11, disbarment is appropriate when an attorney is "convicted of a felony under applicable law." Kandekore was convicted of a felony in New York, and he bore the burden of rebutting the presumption that disbarment is the appropriate sanction. See Pavlick, 504 So.2d at 1234. However, at the July 26, 1996, hearing, Kandekore presented no evidence *1009 or testimony to rebut this presumption or to support his plea for mitigation. We therefore elect to impose the same discipline upon Kandekore as was imposed in New York; that is, disbarment.
Accordingly, Lijyasu Mahomet Kandekore is hereby disbarred effective, nunc pro tunc, March 10, 1999. In this Court's March 10, 1999, order suspending Kandekore, this Court afforded Kandekore thirty days to close out his practice and protect the interests of existing clients, and further ordered that Kandekore shall accept no new business from the date the order was issued. Accordingly, Kandekore's disbarment in the instant case shall take effect on the same date as his suspension became effective in case number 86,224. Having considered Kandekore's objection to the Bar's affidavit of costs and the Bar's response, judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Kandekore in the amount of $2,186.19, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.