Because of his repetitive challenges to his disbarment and permanent disbarment, on December 8, 2005, this Court ordered Lijyasu M. Kandekore to show cause why this Court should not direct the Clerk of the Court to reject for filing any petitions or pleadings of any kind which in any way challenge his disbarment or permanent disbarment. See Fla. Bar v. Kandekore, 766 So.2d 1004 (Fla.2000); Fla. Bar v. Kandekore, 868 So.2d 525 (Fla.2003). The order to show cause was based on the following facts.
Kandekore received an emergency suspension in Florida due to his misconduct in New York, where he was charged with assaulting a police officer. Fla. Bar v. Kandekore, 729 So.2d 395 (Fla.1999). He filed a motion for rehearing regarding the emergency suspension, which the Court denied.
Despite being suspended, he filed a request to engage in pro bono legal work. The Court denied the request.
After proceedings before a referee, Kandekore was disbarred in Florida due to his assault on the New York police officer (a felony in the State of New York). Fla. Bar v. Kandekore, 766 So.2d 1004, 1005 (Fla.2000). He filed a motion for rehearing, which the Court denied.
Kandekore continued to engage in the practice of law, even though he was disbarred. Thus, the Court permanently disbarred him. Fla. Bar v. Kandekore, 868 So.2d 525 (Fla.2003). He filed a motion for rehearing, which the Court denied in February 2004.
Even though he was permanently disbarred, Kandekore filed a motion for leave *1006 to apply for readmission to the bar. In the motion, he continued to challenge the facts of his initial disbarment and his permanent disbarment, and claimed that he was eligible to seek readmission at that time. In May 2004, which was merely three months after addressing his motion for rehearing regarding the permanent disbarment, the Court issued an order denying his motion to apply for readmission.
In January 2005, despite being permanently disbarred, he filed another request to engage in pro bono legal work. In April 2005, the Court denied his second request to engage in pro bono legal work.
The next month, May 2005, Kandekore filed another petition for leave to apply for readmission to the Florida Bar. The Court denied his petition. Fla. Bar v. Kandekore, SC05-907, 929 So.2d 1054 (Fla. Dec. 8, 2005).
Kandekore responded to the Court’s order to show cause, dated December 8, 2005, by stating that he does not continue to challenge the Court’s previous decisions. Despite this statement, in Kandekore’s response he continues to challenge the facts and legal findings in his disciplinary cases. Even though Kandekore thinks that he was wrongfully sanctioned, the dispositions in these cases have been final since 2000 and 2003.
In his response, Kandekore also claims that despite the Court’s order of permanent disbarment, he thought he was eligible to apply for readmission. He asserts that “perpetual exclusion from the bar is not permissible under Florida law.” Kandekore is incorrect. Rule Regulating the Florida Bar 3 — 5.1(f) provides that “[pjermanent disbarment shall preclude readmission.” Further, rule 3-7.10(n)(l) states that “[a]n order of disbarment that states the disbarment is permanent shall preclude readmission to The Florida Bar.” See In re Amendments to Rules Regulating the Florida Bar, 718 So.2d 1179 (Fla.1998)(clarifying that that the sanction of permanent disbarment is permanent, and precludes readmission). Kandekore cannot circumvent the rules simply by filing repetitive motions and petitions seeking to vacate his disbarment and permanent disbarment.
Despite the Court’s definitive statements that it will not revisit Kandekore’s sanctions, the Court has little doubt that Kandekore will continue to file challenges to his disbarment and permanent disbarment. After considering Kandekore’s repetitious filings, we emphasize that the resources of our court system are finite and must be reserved for the resolution of genuine disputes. See Peterson v. State, 817 So.2d 838, 840 (Fla.2002). As noted by the United States Supreme Court, “every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court’s responsibility is to see that these resources are allocated in a way that promotes the interests of justice.” In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).
After considering Kandekore’s response to the order to show cause, we conclude that he has abused this Court’s processes by filing repeated petitions and motions challenging cases that have been final for several years. Kandekore’s actions create a drain on the Court’s limited time, for with each filing the Court has, as it must, reviewed and considered repetitious and meritless arguments. Therefore, we conclude that a limitation on Kande-kore’s ability to file repeated challenges to his long-final sanctions would further the constitutional right of access because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others.
*1007 In order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any petitions or pleadings of any kind from Lijyasu M. Kandekore which in any way challenge the sanctions entered by this Court in Florida Bar v. Kandekore, 766 So.2d 1004 (Fla.2000), and Florida Bar v. Kandekore, 868 So.2d 525 (Fla.2003). Further, if Lijyasu M. Kandekore violates this order, he shall be directed to show cause why he should not be prohibited from submitting any filings with this Court unless they are signed by an active member of The Florida Bar. As Kandekore is permanently disbarred, he is no longer a member of The Florida Bar. See R. Regulating Fla. Bar 3—5.1(f).
Kandekore’s “motion for deferred payment of assessed costs and for waiver of filing fees” is denied. The parties are directed to comply with this Court’s previous order concerning a payment plan. See Fla. Bar v. Kandekore, No. SC00-2611 (Fla. Feb. 2, 2004).
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.