PER CURIAM.
Paul A. Caillaud, a member of The Florida Bar, having been adjudicated guilty in New York of four felonies of knowingly, unlawfully, and intentionally practicing medicine and/or holding himself out as being able to practice medicine,[1] was automatically suspended from the practice of law on July 23, 1986. Thereafter The Florida Bar instituted a complaint which included the New York convictions and additional matters. The referee found that Caillaud committed no grievance except those leading to the New York convictions. He recommended a finding of guilt on those charges, but not guilty on the additional charges; an assessment of partial costs; and a three-year suspension nunc pro tunc to March 6, 1986. Caillaud has successfully complied with and completed all of the criminal sanctions. The referee recommended reinstatement without proof of rehabilitation because he was satisfied of Caillaud’s present fitness to practice law.
The bar sought review only on Caillaud’s immediate reinstatement without his complying with a separate application and reinstatement proceeding. Being concerned about the nature of Caillaud’s misconduct, we directed the parties to submit additional briefs addressed to the suitability of the recommended discipline. Because the referee made specific findings as to the factual allegations against Caillaud, the bar does not challenge the reasonableness of the referee’s recommended suspension instead of disbarment. Caillaud, on the other hand, argues that the three-year suspension is too severe a penalty. Contrary to both of these positions, we gave serious consideration to disbarment. On the totality of the circumstances, however, and after much study and debate, we now conclude that the recommended suspension is both warranted and adequate. We agree with the bar that one suspended for more than ninety days must comply with the reinstatement process before being eligible to practice law again.
Rule 3 — 5.1(e) of the Rules Regulating The Florida Bar mandates, in part, that “[a] suspension of more than ninety (90) days shall require proof of rehabilitation.” In The Florida Bar v. Pavlick, 504 So.2d 1231 (Fla.1987), we held that the referee erred in recommending automatic reinstatement following a two-year suspension. In The Florida Bar v. Musleh, 453 So.2d 794 (Fla.1984), we held that the referee overlooked The Florida Bar’s Disciplinary Rules in recommending automatic reinstatement after a six-month suspension. Both Pav-lick and Musleh cited article XI, rule 11.-10(4) of the former Florida Bar Integration Rule for authority requiring proof of rehabilitation when a respondent is suspended *1171 for more than three months. Present rule 3-5.1(e) is substantially the same.
A trial by referee for violations of the bar rules is different than a trial before a referee concerning a petition for reinstatement. In reinstatement proceedings bar counsel is required to conduct an extensive investigation to determine whether the respondent has been rehabilitated. Also, the respondent must supply The Florida Bar with detailed information as described in rule 3-7.9(n)(2).
In the instant proceeding the bar had no reason to obtain information concerning rehabilitation, as required by rule 3-7.9, because Caillaud had not filed an application for reinstatement. Therefore, the referee did not receive evidence from The Florida Bar concerning these matters. We conclude that the referee erred in recommending that Caillaud be reinstated as a member in good standing without requiring proof of rehabilitation.
Accordingly, we approve the referee’s finding of guilt and suspend Paul A. Cail-laud from the practice of law for three years, nunc pro tunc July 23, 1986 (the date of his original suspension), but require that Caillaud go through the reinstatement procedures required by rule 3-7.9. He shall not be required to take a bar examination. Rule 3-5.1(e).
Costs in the amount of $1,204.49 are assessed against Caillaud, for which sum judgment is entered. He may, however, pay these costs in the manner set forth in the referee’s report.[2]
It is so ordered.
overton, McDonald, shaw, BARKETT and GRIMES, JJ., concur.
EHRLICH, C.J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.

. In its complaint The Florida Bar charged that Cauillaud’s offenses
included the administration of a physical examination involving the diagnostic checking of the vital organs of the victim for the purpose of representing the physical condition of the victim, the administration of a hypodermic syringe containing what was represented to he an antibiotic and the taking of a throat culture, the administration of an oral anesthetic or pain killer in the treatment of a victim’s purported ulcer, the catheterization of victims for the alleged purpose of taking cultures, treating a victim for chest pains by administering what was purported to be an EKG and administering injections of purported adrenalin [sic] for the purpose of regulating the heartbeat and prescribing and giving oral medication.

. The referee concluded that the costs could be paid in periodic installments and that reinstatement need not be conditioned on payment in full.