731 So.2d 1265 (1999)
THE FLORIDA BAR, Complainant,
v.
Lawrence E. SHINNICK, Respondent.
No. 90,228.
Supreme Court of Florida.
March 25, 1999.
John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, and Olivia Paiva Klein, Bar Counsel, Tallahassee, Florida, for Complainant.
Christopher W. Boyden, North Palm Beach, Florida, for Respondent.
PER CURIAM.
The Florida Bar petitions this Court to review the referee's recommendation that Lawrence E. Shinnick be suspended from the practice of law in the State of Florida until he has been reinstated to the Minnesota Bar. We have jurisdiction. Art. V, § 15, Fla. Const. The Bar does not contest the recommended discipline; it seeks clarification as to whether the respondent must offer proof of rehabilitation before being reinstated to The Florida Bar. For the reasons expressed in this opinion, we conclude that respondent must show proof of rehabilitation as required by Rule of Discipline 3-5.1(e) of the Rules Regulating The Florida Bar as a condition of being reinstated to The Florida Bar.

BACKGROUND
On July 25, 1996, the Supreme Court of Minnesota suspended respondent from the practice of law indefinitely with the right to petition for reinstatement after six months. In re Shinnick, 552 N.W.2d 212, 214 (Minn.1996). The Minnesota disciplinary action stemmed from a civil action in which it was alleged that respondent engaged in fraudulent and deceitful business transactions while an officer of a corporation. A default judgment was entered against respondent in the civil action, and that judgment was affirmed on appeal. Unisource Corp. v. Shinnick, No. C9-94-427, *1266 1994 WL 455616 (Minn.Ct.App. Aug.23, 1994). In the subsequent disciplinary action, the supreme court found respondent's actions to have been egregious violations of ethical rules and accepted the referee's recommendation that respondent be suspended indefinitely with the right to petition for reinstatement after six months.[1]
The Florida Bar filed a complaint against respondent based on the disciplinary action taken in Minnesota and Florida Rule of Discipline 3-4.6, which states that "[a] final adjudication in a disciplinary proceeding by a court ... of another jurisdiction... that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule." The Florida Bar also served respondent with a request for admissions. Respondent answered neither the complaint nor the request for admissions. The referee subsequently entered summary judgment in favor of the Bar.
After a final hearing, the referee issued his report, in which he concluded that the final adjudication of the Minnesota disciplinary proceeding served as conclusive proof that respondent engaged in dishonest and fraudulent conduct in Minnesota. Based on this conclusion, the referee recommended that respondent be found guilty of violating Florida Rule of Discipline 3-4.3 (the commission by a lawyer of any act which is unlawful or contrary to honesty and justice) and Florida Rules of Professional Conduct 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation of the Rules Regulating The Florida Bar). The referee then recommended that respondent be suspended from the practice of law in Florida until such time as he is reinstated to practice in Minnesota.

ANALYSIS
Neither party contests the referee's findings of fact or the referee's recommendations regarding guilt. The issue here is whether the referee's recommended discipline is a suspension of more than ninety days which, under rule 3-5.1(e) of the Rules of Discipline, would require respondent to offer proof of rehabilitation before being reinstated to The Florida Bar. In resolving this issue, we look to the Minnesota suspension, the referee's recommendation in this case, and rule 3-5.1(e).
The Supreme Court of Minnesota's judgment regarding respondent's discipline was that he be suspended indefinitely "without right to petition for reinstatement prior to a date 6 months after the date of this opinion." In re Shinnick, 552 N.W.2d at 214. The referee below recommended that respondent be suspended "until such time as [he] is reinstated to practice in Minnesota, such suspension to run nunc pro tunc July 25, 1996,the date upon which respondent was suspended by the Supreme Court of Minnesota."
The Bar recognizes that the referee's report does not articulate a definite suspension period. However, the Bar argues that the referee's intention was to recommend the identical discipline imposed by the out-of-state court, i.e., a suspension of at least six months. Therefore, because the suspension was for more than ninety days, the Bar concludes that respondent must offer proof of rehabilitation before being reinstated to The Florida Bar. Respondent, on the other hand, argues that *1267 his out-of-state discipline was satisfied at the time the referee recommended the aforementioned discipline, and therefore his suspension was for less than ninety days. Respondent contends that the requirements of rule 3-5.1(e) would be applicable to him only if the referee had imposed an additional suspension of more than ninety days.
We begin our analysis of this issue by noting respondent is incorrect in his assessment that he has already served his suspension in Minnesota or that his suspension period has expired. The Supreme Court of Minnesota suspended respondent indefinitely, allowing him the right to petition for reinstatement after six months. At the final hearing below, respondent testified that he had not petitioned for reinstatement in Minnesota and has no current plan to petition for reinstatement in Minnesota. Therefore, as we read the supreme court's decision in In re Shinnick, respondent's suspension in Minnesota continues.
The referee below recommended that respondent be suspended until such time as he is reinstated in Minnesota. The referee also recommended that this suspension be applied retroactively to the date that respondent's Minnesota suspension was to begin. We find that by applying the suspension retroactively, the referee recommended an indefinite suspension which would run for at least six months and continue until respondent was reinstated to the Minnesota Bar. Rule 3-5.1(e), governing the suspension of lawyers, states in pertinent part that "[a] suspension of more than 90 days shall require proof of rehabilitation." Applying this plain language to our finding that the referee recommended a suspension of at least six months, nunc pro tunc to the date the suspension was to take effect in Minnesota, we conclude that respondent must offer proof of rehabilitation prior to being reinstated to The Florida Bar. See Florida Bar v. Friedman, 646 So.2d 188, 190 (Fla. 1994); Florida Bar v. Caillaud, 560 So.2d 1169, 1170-71 (Fla.1990).

CONCLUSION
We approve the referee's recommendations regarding guilt and suspend respondent from the practice of law in this state, nunc pro tunc July 25, 1996, until such a time as he is reinstated to the Minnesota Bar and successfully petitions for reinstatement in Florida. Respondent shall accept no new business from the date this opinion is filed until the suspension is completed. Furthermore, respondent is ordered to pay costs to The Florida Bar in the amount of $1105, for which sum let execution issue.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.
NOTES
[1] The court's opinion states in pertinent part:

It is, therefore, the judgment of this court:
(1) Respondent Lawrence E. Shinnick is indefinitely suspended from the practice of law without right to petition for reinstatement prior to a date 6 months after the date of this opinion.
In re Shinnick, 552 N.W.2d at 214.