# Supreme Court of Florida

_____

No. SC16-1962
_____

**IN RE:  AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR (BIENNIAL PETITION HOUSEKEEPING).**

[November 9, 2017]
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court on the petition of The Florida Bar proposing amendments to the Rules Regulating the Florida Bar (Bar Rules).  <u>See</u> R. Regulating Fla. Bar 1-12.1.  We have jurisdiction.  <u>See</u> art. V, § 15, Fla. Const.

The Bar's petition in this case proposes amendments to a number of Bar Rules.  According to the petition, the proposals included here address "housekeeping" matters, in that the petition primarily recommends editorial changes, updates to the Bar Rules based on prior amendments, and other changes to codify long-standing practice.  The proposals were approved by the Board of Governors, and formal notice of the proposed amendments was published in <u>The Florida Bar News</u>.  The notice directed interested persons to file their comments directly with the Court.  The Court did not receive any comments.

The Bar proposes amendments to the following Bar Rules: 1-3.7 (Reinstatement to Membership); 3-3.1 (Supreme Court of Florida; disciplinary agencies); 3-3.2 (Board of Governors of The Florida Bar); 3-3.4 (Grievance Committees); 3-3.5 (Circuit court jurisdiction); 3-4.3 (Misconduct and minor misconduct); 3-4.4 (Criminal misconduct); 3-4.6 (Discipline by Foreign or Federal Jurisdiction; Choice of Law); 3-4.7 (Oath); 3-5.4 (Publication of Discipline); 3-7.17 (Vexatious Conduct and Limitation on Filings); 4-1.5 (Fees and Costs for Legal Services); 4-8.3 (Reporting Professional Misconduct); 6-10.1 (Continuing legal education requirement); 6-10.4 (Reporting Requirements); 6-10.7 (Confidentiality); 8-2.2 (Contents of Application); 8-5.1 (Generally); 10-5.1 (Complaint processing); 11-1.7 (Supervision); 11-1.10 (Certification of Members of Out-of-State Bars); and 13-1.2 (Definitions).  It also proposes amendments to Bar Bylaws 2-3.10 (Meetings) and 2-9.8 (Law office management assistance service).  After fully considering the petition, the Court adopts these "housekeeping" amendments as proposed by the Bar.[1]

Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion.  New language is indicated

---

1. The Court made several non-substantive revisions to the Bar's proposals for Bylaw 2-3.10 (Meetings), Bar Rule 3-4.4 (Criminal misconduct), and Bar Rule 6-10.7 (Confidentiality) to correct what appeared to be scrivener's errors in those proposals.

by underscoring; deletions are indicated by struck-through type.  The comments

are offered for explanation and guidance only and are not adopted as an official

part of the rules.  The amendments shall become effective on February 1, 2018, at

12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, Michael J. Higer, President, Michelle R. Suskauer, President-Elect, William J. Schifino, Jr., Past President, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

## APPENDIX

**RULE 1-3.7      REINSTATEMENT TO MEMBERSHIP**

**(a) – (f)      [No change]**

 **(g) Inactive Members.**  Inactive members may be reinstated to active membership in good standing to become eligible to practice law in Florida by petition filed with the executive director, in the form and as provided in (b) above, except:

(1) – (3)      [No change]

**BYLAW 2-3.10    MEETINGS**

The board of governors ~~shall~~will hold 6 regular meetings each year, at least 1 of which ~~shall~~will be held ~~at The Florida Bar Center~~in Tallahassee.  ~~Subject to the approval of the board of governors, the places and times of such meetings shall be determined by the~~The president-elect selects the places and times of the meetings to be held during the president-elect's term as president, ~~who may make such designation while president-elect~~ subject to the approval of the board of governors. Special meetings ~~shall~~will be held at the direction of the executive committee or the board of governors.  Any member of The Florida Bar in good standing may attend meetings at any time except ~~during such times as the~~when the board ~~shall be~~is in executive session concerning disciplinary matters, personnel matters, member objections to legislative positions of The Florida Bar, or receiving attorney-client advice.  Minutes of all meetings ~~shall~~will be kept by the executive director.

**BYLAW 2-9.8      ~~LAW OFFICE MANAGEMENT ASSISTANCE SERVICE~~PRACTICE RESOURCE INSTITUTE**

The board of governors ~~hereby~~ creates the ~~law office management assistance service~~Practice Resource Institute and ~~shall~~will adopt standing board policies, as provided in bylaw 2-9.2, that ~~shall~~ govern the operation of the ~~service~~institute.

**RULE 3-3.1      SUPREME COURT OF FLORIDA; DISCIPLINARY AGENCIES**

The exclusive jurisdiction of the Supreme Court of Florida over the discipline of persons admitted to the practice of law shallwill be administered in the following manner subject to the supervision and review of the court. The following entities are hereby designated as agencies of the Supreme Court of Florida for this purpose and with the following responsibilities, jurisdiction, and powers. The board of governors, grievance committees, and referees shall have suchthe jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or cause, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses, and to order the production of books, records, or other documentary evidence. Each member of suchthese agencies has the power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the agency.

**RULE 3-3.2      BOARD OF GOVERNORS OF THE FLORIDA BAR**

**(a) Responsibility of Board.** The board is assigned the responsibility of maintaining high ethical standards among the members of The Florida Bar. The board shallwill supervise and conduct disciplinary proceedings in accordance with the provisions of these rules.

**(b) Authority to File a Formal Complaint.** No formal complaint shallmay be filed by The Florida Bar in disciplinary proceedings against a member of the bar unless 1 of the following conditions has been met:

(1) – (4)     [No change]

(5) *Felony Charges.* A formal complaint may be filed if a member has been charged with commission of a felony under applicable law that warrants the imposition of discipline and if the chair of the grievance committee agrees. A decision of the grievance committee chair to not file a formal complaint shallmust be reviewed by the full grievance committee. The grievance committee may affirm or reverse the decision.

(6)     [No change]

**(c)     [No change]**

**RULE 3-3.4          GRIEVANCE COMMITTEES**

~~There shall be such~~The board will appoint grievance committees as ~~are herein~~ provided~~,~~ in this rule.  ~~E~~each ~~of which shall have~~grievance committee has the authority and jurisdiction required to perform the functions ~~hereinafter~~ assigned to it~~, and~~ which ~~shall be constituted and appointed~~are as follows:

**(a) Circuit Grievance Committees.**  ~~There shall be~~The board will appoint at least 1 grievance committee for each judicial circuit of this state and as many more as ~~shall be found desirable by~~ the board chooses.  ~~Such~~These committees ~~shall~~will be designated as judicial circuit grievance committees, and in circuits having more than 1 committee they ~~shall~~will be identified by alphabetical designation in the order of creation.  ~~Such~~These committees ~~shall~~will be continuing bodies notwithstanding changes in membership, and they ~~shall~~will have jurisdiction and the power to proceed in all matters properly before them.

**(b) Special Grievance Committees.**  The board may ~~from time to time~~ appoint grievance committees for the purpose of ~~such~~ investigations or specific tasks~~as may be~~ assigned in accordance with these rules.  ~~Such~~These committees ~~shall~~will continue only until the completion of tasks assigned, and they ~~shall~~will have jurisdiction and power to proceed in all matters ~~so~~ assigned to them.  All provisions concerning grievance committees ~~shall be applicable~~apply to special grievance committees except those concerning terms of office and other restrictions ~~thereon as may be~~ imposed by the board.  Any vacancies occurring in such a committee ~~shall~~will be filled by the board, and ~~such~~any changes in members ~~shall~~will not affect the jurisdiction and power of the committee to proceed in all matters properly before it.

**(c) Membership, Appointment, and Eligibility.**  Each grievance committee ~~shall~~will be appointed by the board and ~~shall~~must ~~consist of not fewer than~~have at least 3 members.  At least one-third of the committee members ~~shall~~must be nonlawyers.  All appointees ~~shall~~must be of legal age and, except for special grievance committees, ~~shall~~must be residents of the circuit or have their principal office in the circuit.  The lawyer members of the committee ~~shall~~must have been members of The Florida Bar for at least 5 years.

~~No~~A member of a grievance committee ~~shall~~must not perform any grievance committee function when that member:

(1) – (4)    [No change]

~~Upon~~On notice of the above prohibitions, the affected members should recuse themselves from further proceedings.  The grievance committee chair ~~shall have~~has the power to disqualify any member from any proceeding in which any of the above prohibitions exist and are stated orally ~~of~~on the record or memorialized in writing ~~in the file~~ by the chair.

**(d) Terms.**  The terms of the members ~~shall be~~are for 1 year from the date of administration of the oath of service on the grievance committee or until ~~such time as~~ their successors are appointed and qualified.  Continuous service of a member ~~shall~~may not exceed 3 years.  A member ~~shall~~may not be reappointed for a period of 3 years after the end of the member's term; ~~provided, however~~but, the expiration of ~~the term of any~~ a member's term of service ~~shall~~does not disqualify ~~such~~the member from concluding any investigation or participating in disposition of cases that were pending before the committee when the member's term expired.  A member who continues to serve on the grievance committee under the authority of this subdivision ~~shall~~is not ~~be~~ counted as a member of the committee when calculating the minimum number of public members required by this rule.

**(e) Officers.**  The~~re shall be~~ designated reviewer of the committee will designate a chair and vice-chair who~~designated by the designated reviewer of that committee.  The chair and vice-chair shall~~must be members of The Florida Bar.

**(f)  Oath.**  Each new member of a committee ~~shall~~must subscribe to an oath to fulfill the duties of the office.  ~~Such~~These oaths ~~shall~~will be filed with the executive director and placed with the official records of The Florida Bar.

**(g) Removal.**  The designated reviewer of a grievance committee or the board of governors may remove ~~A~~any member of a grievance committee~~may be removed~~ from office.~~ by the designated reviewer of that committee or the board.~~

**(h) Grievance Committee Meetings.**  Grievance committees should meet at regularly scheduled times, ~~not less frequently than quarterly each year~~at least once every 3 months, and either the chair or vice-chair may call special meetings.  Grievance committees should meet at least monthly during any period when the committee has 1 or more pending cases assigned for investigation and report.  The time, date, and place of regular monthly meetings should be set in advance by agreement between the committee and chief branch discipline counsel.

**RULE 3-3.5          CIRCUIT COURT JURISDICTION**

The jurisdiction of the circuit courts ~~shall be~~is concurrent with that of The Florida Bar under these Rules of Discipline.  The forum first asserting jurisdiction in a disciplinary matter ~~shall~~ retains ~~the same~~jurisdiction to the exclusion of the other forum until the final determination of the cause.


**RULE 3-4.3          MISCONDUCT AND MINOR MISCONDUCT**

The standards of professional conduct ~~to be observed by~~required of members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration ~~herein~~ of certain categories of misconduct as constituting grounds for discipline ~~shall~~are not ~~be deemed to be~~ all-inclusive, nor ~~shall~~is the failure to specify any particular act of misconduct to be construed as tolerance ~~thereof~~of the act of misconduct.  The commission by a lawyer of any act that is unlawful or contrary to honesty and justice~~,~~ may constitute a cause for discipline whether the act is committed in the course of the ~~attorney's~~lawyer's relations as ~~an attorney~~lawyer or otherwise, whether committed within Florida or outside the state of Florida, and whether ~~or not~~ the act is a felony or a misdemeanor.~~, may constitute a cause for discipline.~~


**RULE 3-4.4          CRIMINAL MISCONDUCT**

~~Unless modified or stayed by the Supreme Court of Florida as provided elsewhere herein, a~~A determination or judgment ~~of guilt of a member of The Florida Bar~~ by a court of competent jurisdiction that a member of The Florida Bar is guilty of any crime or offense that is a felony under the laws of ~~such~~that court's jurisdiction is cause for automatic suspension from the practice of law in Florida~~.~~, unless the judgment or order is modified or stayed by the Supreme Court of Florida, as provided in these rules.  ~~In addition, whether the alleged misconduct constitutes a felony or misdemeanor~~ The Florida Bar may initiate disciplinary action regardless of whether the respondent has been tried, acquitted, or convicted in a court for ~~the~~an alleged criminal misdemeanor or felony offense~~;~~. ~~however, the~~ The board may, in its discretion, withhold prosecution of disciplinary proceedings pending the outcome of criminal proceedings against the respondent.  ~~The acquittal of the respondent~~If a respondent is acquitted in a criminal proceeding that acquittal ~~shall~~is not ~~necessarily be~~ a bar to disciplinary proceedings.  Likewise,~~nor shall~~ the

- 8 -

findings, judgment, or decree of any court in civil proceedings is not necessarily ~~be~~ binding in disciplinary proceedings.

**RULE 3-4.6     DISCIPLINE BY FOREIGN OR FEDERAL JURISDICTION; CHOICE OF LAW**

~~(a)~~**(a)  Disciplinary Authority.**  An ~~attorney~~lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the ~~attorney's~~lawyer's conduct occurs.  An ~~attorney~~lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct.  A final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that ~~an~~ ~~attorney~~lawyer licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action ~~shall~~will be considered as conclusive proof of ~~such~~the misconduct in a disciplinary proceeding under this rule.

~~(b)~~**(b)  Choice of Law.**  In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied ~~shall be~~are as follows:

(1)     [No change]

(2)  for any other conduct, the rules of the jurisdiction in which the ~~attorney's~~lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction ~~shall~~will be applied to the conduct.

**RULE 3-4.7     OATH**

Violation of the oath taken by ~~an~~ ~~attorney~~lawyer to support the constitutions of the United States and the ~~S~~state of Florida is ground for disciplinary action. Membership in, alliance with, or support of any organization, group, or party advocating or dedicated to the overthrow of the government by violence or by any means in violation of the Constitution of the United States or constitution of this state ~~shall be~~is a violation of the oath.

**RULE 3-5.4     PUBLICATION OF DISCIPLINE**

**(a)**     [No change]

**(b) Disclosure on Inquiry.** All public disciplinary sanctions ~~shall~~will be disclosed ~~up~~on inquiry.

**(c)**  **[No change]**

**(d) Limited Exception for Admonishments Issued by the Supreme Court of Florida.** All admonishments issued by the court containing the heading "Not to be Published" ~~shall~~will not be published in the official court reporter and ~~shall~~will not be published in *~~The Florida Bar~~*The Florida Bar *News.*

"Not to be Published" does not have the same meaning as "confidential." The Florida Bar may post information regarding specific orders of admonishment on the ~~Bar's~~bar's website. Further, ~~the~~The Florida Bar may provide information regarding an admonishment ~~up~~on inquiry.

## COMMENT

All disciplinary sanctions as defined in rules 3-5.1 and 3-5.2, or their predecessors, entered in cases opened on or after March 17, 1990 are public information. Therefore, an inquiry into the conduct of a member of the bar will result in a disclosure of all ~~such~~these sanctions.

The public policy of this state is to provide reasonable means of access to public information. In furtherance of this policy, this rule is enacted so that all persons may understand what public information concerning lawyer disciplinary sanctions is available and in what format. This rule does not alter current court procedure or other requirements.

Admonishments are issued for minor misconduct and are the lowest form of disciplinary sanction. An admonishment is often issued for technical rule violations or for rule violations that did not result in harm. The court's orders imposing admonishments contain the heading "Not to be Published" and this rule directs that those admonishments not be published in *Southern Reporter* and directs The Florida Bar not to publish those admonishments in its newspaper, *The Florida Bar News.* The court does so in order to maintain a tangible difference between the sanctions of admonishment and public reprimand.

This rule does not bar disclosure of admonishments ~~upon~~in response to an inquiry, whether written, oral, or electronic, and does not bar publication of admonishments on any website of The Florida Bar.

**RULE 3-7.17        VEXATIOUS CONDUCT AND LIMITATION ON FILINGS**

(a) **Definition.**  Vexatious conduct is conduct that amounts to abuse of the bar disciplinary process by use of inappropriate, repetitive, or frivolous actions or communications of any kind directed at or concerning any participant or agency in the bar disciplinary process, including such as the complainant, the respondent, a grievance committee member, the grievance committee, the bar, the referee, or the Supreme Court of Florida, or an agent, servant, employee, or representative of these individuals or agencies.

(b) **Authority of the Court.**  Only tThe Supreme Court of Florida has the sole authority to enter an order under the provisions of this rule.

(c) **Procedure.**

(1) *Commencement.*  Proceedings under this rule may be commenced on the court's own motion, by a report and recommendation of the referee, or a petition of The Florida Bar, acting for itself, the grievance committees or their members, authorized by its executive committee and signed by its executive director, demonstrating that an individual has abused the disciplinary process by engaging in vexatious conduct.  The court may enter an order directing the individual(s) engaging in the vexatious conduct to show good cause why the court should not enter an order prohibiting continuation of the conduct and/or imposing limitations on future conduct.

(2) *Order Tto Show Cause.*  The court, acting on its own motion, or on the recommendation of the referee or petition of the bar, may enter an order directing an individual to show cause why the court should not enter an order prohibiting continuation of the vexatious conduct and/or imposing limitations on future conduct.  A copy of the order shallwill be served on the referee, (if one has been appointed), the respondent, and The Florida Bar.

(3) *Response to Order to Show Cause.*  The individual(s) alleged to have engaged in vexatious conduct shall havehas 15 days from service of the order to show cause, or such other time as the court may allow, in which to file a response. Failure to file a response in the time provided, without good cause, shall beis deemed a default and the court may, without further proceedings, enter an order prohibiting or limiting future communications or filings as set forth in this rule, or imposing any other sanction(s) that the court is authorized to impose.  A copy of

any response ~~shall~~must be served on a referee, (if one has been appointed), the respondent, and The Florida Bar.

(4) *Reply.* The referee, (if one has been appointed), the respondent, and The Florida Bar ~~shall~~ have 10 days from the filing of a response to an order to show cause entered under this rule in which to file a reply. Failure to file a reply in the time provided, without good cause, ~~shall~~ prohibits a reply.

(5) *Referral to Referee.* The court may refer proceedings under this rule to a referee for taking testimony and receipt of evidence. Proceedings before a referee under this subdivision ~~shall~~will be conducted in the same manner as proceedings before a referee as set forth in rule 3-7.6 of these rules.

**(d) Court Order. [No change]**

**(e) Violation of Order.** Violation of an order issued under this rule ~~shall~~will be considered as a matter of contempt and processed as provided elsewhere in these Rules Regulating The Florida Bar.

## COMMENT

This rule is enacted to address circumstances involving repetitive conduct of the type that goes beyond conduct that is merely contentious and unsuccessful. This rule addresses conduct that negatively affects the finite resources of our court system, ~~resources that~~which must be reserved for resolution of genuine disputes. As recognized by the United States Supreme Court, "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989).

This concept has also been recognized in bar disciplinary proceedings by the Supreme Court of Florida when the court stated: "Kandekore's actions create a drain on the Court's limited time, for with each filing the Court has, as it must, reviewed and considered repetitious and meritless arguments. Therefore, we conclude that a limitation on Kandekore's ability to file repeated challenges to his long-final sanctions would further the constitutional right of access because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others." *The Florida Bar re. Kandekore,* 932 So. 2d 1005, 1006 (Fla. 2006). Kandekore engaged in vexatious conduct after the court entered an order of disbarment.

The Supreme Court of Florida has also limited the ability of a lawyer to file further pleadings while that lawyer's disciplinary case(s) were in active litigation. *The Florida Bar v. Thompson,* 979 So. 2d 917 (Fla. 2008).

**RULE 4-1.5          FEES AND COSTS FOR LEGAL SERVICES**

**(a) – (e)     [No change]**

**(f)  Contingent Fees.**  As to contingent fees:

(1) – (3)     [No change]

(4)  A lawyer who enters into an arrangement for, charges, or collects any fee in an action or claim for personal injury or for property damages or for death or loss of services resulting from personal injuries based upon tortious conduct of another, including products liability claims, whereby the compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only under the following requirements:

(A)     [No change]

(B)  The contract for representation of a client in a matter set forth in subdivision (f)(4) may provide for a contingent fee arrangement as agreed upon by the client and the lawyer, except as limited by the following provisions:

(i)  [No change]

(ii)  If any client is unable to obtain ~~an attorney~~a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court in which the matter would be filed, if litigation is necessary, or if ~~such~~that court will not accept jurisdiction for the fee ~~division~~approval, the circuit court ~~wherein~~in which the cause of action arose, for approval of any fee contract between the client and ~~an attorney~~a lawyer of the client's choosing. ~~Such authorization shall~~Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract.  The application for authorization of ~~such a~~the contract can be filed as a separate proceeding before suit or simultaneously with the filing of a complaint. Proceedings ~~thereon~~on the petition may occur before service on the

- 13 -

defendant and this aspect of the file may be sealed.  A petition under this subdivision ~~shall~~<u>must</u> contain a certificate showing service on the client and, if the petition is denied, a copy of the petition and order denying the petition ~~shall~~<u>must</u> be served on The Florida Bar in Tallahassee by the member of the bar who filed the petition. Authorization of such a contract ~~shall~~<u>does</u> not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive under subdivisions (a) and (b).

(iii)  Subject to the provisions of 4-1.5(f)(4)(B)(i) and (ii) a lawyer who enters into an arrangement for, charges, or collects any fee in an action or claim for medical liability whereby the compensation is dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall provide the language of article I, section 26 of the Florida Constitution to the client in writing and shall orally inform the client that:

a. – c.  [No change]

**WAIVER OF THE CONSTITUTIONAL RIGHT PROVIDED IN ARTICLE I, SECTION 26 OF THE FLORIDA CONSTITUTION**

[No change]

**ACKNOWLEDGMENT BY CLIENT FOR PRESENTATION TO THE COURT**

[No change]

(C) – (D)  [No change]

(5) – (6)   [No change]

**(g) – (i)    [No change]**


**STATEMENT OF CLIENT'S RIGHTS
FOR CONTINGENCY FEES**

[No change]

**COMMENT**

**Bases or rate of fees and costs**

[No change]

**Terms of payment**

[No change]

**Prohibited contingent fees**

[No change]

**Contingent fee regulation**

[No change]

**Division of fee**

[No change]

**Disputes over fees**

[No change]

**Referral fees and practices**

[No change]

**Credit ~~Plans~~plans**

Credit plans include credit cards.  If a lawyer accepts payment from a credit plan for an advance of fees and costs, the amount must be held in trust in accordance with chapter 5, Rules Regulating The Florida Bar, and the lawyer must add the lawyer's own money to the trust account in an amount equal to the amount charged by the credit plan for doing business with the credit plan.


**RULE 4-8.3        REPORTING PROFESSIONAL MISCONDUCT**

**(a) – (c)    [No change]**

**(d) Limited Exception for ~~LOMAS~~Practice Resource Institute Counsel.**  A lawyer employed by or acting on behalf of the ~~Law Office Management Assistance~~

Service (LOMAS)Practice Resource Institute ~~shall not have an~~is exempt from the obligation to disclose knowledge of the conduct of another member of The Florida Bar that raises a substantial question as to the other lawyer's fitness to practice~~,~~ if the lawyer employed by or acting on behalf of ~~LOMAS~~the Practice Resource Institute acquired the knowledge while engaged in ~~a LOMAS review of the other lawyer's practice~~the course of the lawyer's regular job duties as a Practice Resource Institute employee. ~~Provided further, however, that if the LOMAS review is conducted as a part of a disciplinary sanction this limitation shall not be applicable and a report shall be made to the appropriate disciplinary agency.~~

## COMMENT

[No change]

## RULE 6-10.1     CONTINUING LEGAL EDUCATION REQUIREMENT

   **(a) Preamble.** It is of primary importance to the public and to the members of The Florida Bar that ~~attorneys~~lawyers continue their legal education throughout the period of their active practice of law. To accomplish that objective, each member of The Florida Bar (~~hereinafter~~ referred to below as "member")~~ shall~~ must meet ~~certain~~ minimum requirements for continuing legal education.

   **(b) Reporting Requirement.** Each member except those exempt under rule 6-10.3(c)~~(4) and (5)~~ ~~shall~~must report compliance with continuing legal education requirements in the manner set forth in the policies adopted for administration of this plan. Members must apply for and receive approval by the bar of an exemption from compliance and reporting of continuing legal education under subdivisions (c)(1) through (c)(3) of rule 6-10.3. Members described in subdivisions (c)(4) through (c)(6) of rule 6-10.3 are automatically exempt from compliance and reporting of continuing legal education.

   **(c)     [No change]**

   **(d) Rules.** The board of legal specialization and education of The Florida Bar ~~shall~~ adopts policies necessary to implement continuing legal education requirements subject to the approval of the board of governors.

**RULE 6-10.4      REPORTING REQUIREMENTS**

(a) **Reports Required.**  Each member except those exempt under rule 6-10.3(c)~~(4) and (5) shall~~ must file a report showing compliance or noncompliance with the continuing legal education requirement.~~  Such report shall be~~ in the form prescribed by the board of legal specialization and education.  Members must apply for and receive approval by the bar of an exemption from compliance and reporting of continuing legal education under subdivisions (c)(1) through (c)(3) of rule 6-10.3.  Members described in subdivisions (c)(4) through (c)(6) of rule 6-10.3 are automatically exempt from compliance and reporting of continuing legal education.

(b) **Time for Filing.**  The report ~~shall~~must be filed with The Florida Bar no later than the last day of ~~such~~the member's applicable reporting period as assigned by The Florida Bar.

**RULE 6-10.7      CONFIDENTIALITY**

~~Unless directed otherwise by the Supreme Court of Florida, the~~The files, records, and proceedings of the board of legal specialization and education, ~~as they~~ relate~~d~~ to or ~~arise out of~~arising from any failure of a member to satisfy the continuing legal education requirements, ~~shall be deemed~~are confidential and ~~shall~~may not be disclosed, except in the furtherance of the duties of the board of legal specialization and education or ~~upon~~ the written request of the member~~, in writing,~~ or as ~~they may be~~ introduced in ~~the~~ evidence or otherwise produced in proceedings under these rules, unless directed otherwise by the Supreme Court of Florida.  Nothing ~~herein~~in this rule ~~shall be construed to~~ prohibit~~s~~ The Florida Bar from advising that a member is not eligible to~~has been suspended from the active~~ practice ~~of~~ law for failure to meet continuing legal education requirements.

**RULE 8-2.2      CONTENTS OF APPLICATION**

An application by a local bar association to the Board of Governors of The Florida Bar for authority to operate a lawyer referral service ~~shall~~must be in writing ~~and shall be~~ filed with the executive director.  ~~Such~~The application ~~shall~~must contain the following:

(a) – (b)      [No change]

**(c) Submission and Content of Bylaws.** The proposed bylaws or rules and regulations that will govern the lawyer referral service. The proposed bylaws ~~shall~~must include the following regulations:

(1) All members of the proposed referral service ~~shall~~must provide proof of professional liability insurance in the minimum amount of $100,000 unless the proposed lawyer referral service itself carries professional liability insurance in an amount not less than $100,000 per claim or occurrence.

(2) The proposed lawyer referral service ~~shall~~will accept membership applications only from ~~attorneys~~ lawyers who maintain an office in the geographic area served by the proposed lawyer referral service.

(3) The proposed lawyer referral service ~~shall~~ agrees to maintain an alphabetical member list, updated quarterly, with The Florida Bar. In turn, The Florida Bar ~~shall~~will notify the service of any unresolved finding of probable cause against a member. When probable cause has been found at the local grievance committee level, and the lawyer referral service has been notified, ~~such~~the service ~~shall be required to~~must hold referral to the member in question until the matter is resolved. If the member is in good standing with The Florida Bar and eligible to practice law in Florida after the resolution of the matter, then the member may be returned to the service.

**(d) – (e)    [No change]**

**(f) Statement of Need.** A statement of the condition that evidences a need for ~~such~~the service in the area.

**(g) – (h)    [No change]**

**(i) Statement of Fees.** A statement of fees to be charged by the lawyer referral service, including, but not limited to, fees charged by the referral service to members of the public using ~~such~~the service and fees charged by the referral service or remitted to the referral service by member ~~attorneys~~lawyers.

**(j) Statement of No Discrimination.** A statement that ~~such~~the lawyer referral service will be open for referral to the members of the public without regard to race, sex, national origin, or economic status.

**(k)    [No change]**

**RULE 8-5.1    GENERALLY**

The ~~members of The Florida Bar Lawyer Referral Service Committee and the~~ staff of The Florida Bar Lawyer Referral Service, as well as local bar associations with a lawyer referral service approved under rule 8-2.1, including their directors, officers, lawyer referral service committees, and staff, ~~shall~~ have absolute immunity from civil liability for all acts in the course of their official duties in furtherance of this chapter.

**RULE 10-5.1    COMPLAINT PROCESSING**

**(a) Complaints.**  All complaints alleging unlicensed practice of law, except those initiated by The Florida Bar, ~~shall~~must be in writing and signed by the complainant~~.  The complaint shall~~ and contain a statement providing that:

Under penalties of perjury, I declare that I have read the foregoing document and that to the best of my knowledge and belief the facts stated in it are true.

**(b) Review by Bar Counsel.**  ~~Bar counsel shall review the complaint and~~The complaint will be reviewed by bar counsel who will determine whether the alleged conduct, if proven, would constitute a violation of the prohibition against engaging in the unlicensed practice of law.  Bar counsel may conduct a preliminary, informal investigation to aid in this determination and, if necessary, may employ a Florida bar staff investigator to aid in the preliminary investigation.  If bar counsel determines that the facts, if proven, would not constitute a violation, bar counsel may decline to pursue the complaint.  A decision by bar counsel not to pursue a complaint ~~shall~~will not preclude further action or review under the Rules Regulating The Florida Bar.  The complainant ~~shall~~will be notified of a decision not to pursue a complaint ~~and shall be given the reasons therefor~~including the reasons for not pursing the complaint.

**(c) Referral to Circuit Committee.**  Bar counsel may refer a UPL file to ~~the appropriate~~a circuit committee for further investigation or action as authorized elsewhere in these rules.

**(d)    [No change]**

**(e) Referral to Bar Counsel for Opening.**  A complaint received by a circuit committee or standing committee member directly from a complainant ~~shall~~will be reported to bar counsel for docketing and assignment of a case number.  ~~Should~~If the circuit committee or standing committee member decides that the facts, if

proven, would not constitute a violation of the unlicensed practice of law, the circuit committee or standing committee member ~~shall~~will forward this finding to bar counsel along with the complaint for notification to the complainant as outlined above. Formal investigation by a circuit committee may proceed after the matter has been referred to bar counsel for docketing.

**RULE 11-1.7      SUPERVISION**

The member of the bar under whose supervision an eligible law student does any of the things permitted by this chapter ~~shall~~must:

**(a)** be a lawyer whose service as a supervising lawyer for this program is approved by the dean of the law school in which the law student is enrolled and who is a member of The Florida Bar in good standing and eligible to practice law in Florida;

**(b)** be a lawyer employed by a state attorney, public defender, an approved legal aid organization, a state officer, or a governmental entity enumerated in rule 11-1.2(d)~~.~~;

**(c) – (d)      [No change]**

**RULE 11-1.10      CERTIFICATION OF MEMBERS OF OUT-OF-STATE BARS**

**(a) Persons Authorized to Appear.**  A member of an out-of-state bar may practice law in Florida pursuant to this chapter if:

   **(1) – (3)     [No change]**

   **(4)** the member of an out-of-state bar is in good standing with that bar, is eligible to practice law in that jurisdiction, and is not currently the subject of disciplinary proceedings.

**(b) Term of Certification.**  The maximum term of certification under this section ~~shall be~~is 12 months from the date of certification; provided, however, that the certification may extend beyond 12 months if the certificate holder has passed the Florida bar examination and is awaiting the results of the character and fitness evaluation of the Florida Board of Bar Examiners.  Certification may be withdrawn

in the same manner as provided for the withdrawal of certification by a law school dean.

**(c) Termination of Certification.** Failure to take the next available Florida bar examination, failure of any portion of the Florida bar examination, or denial of admission to The Florida Bar ~~shall~~ terminate~~s~~ certification ~~hereunder~~under this rule.

## RULE 13-1.2    DEFINITIONS

**(a) Authorized Legal Aid Practitioner.**  An "authorized legal aid practitioner" is any person who:

(1)      [No change]

(2) is a member in good standing of the entity governing the practice of law of any other state or territory or the District of Columbia, eligible to practice law in that jurisdiction and has not been disciplined for professional misconduct by the bar or courts of any jurisdiction within the past 15 years;

(3) – (4)      [No change]

(5) neither asks for nor receives compensation of any kind from the person on whose behalf the practitioner renders legal services ~~hereunder~~under this chapter (this ~~shall~~does not prevent the approved legal aid organization from paying compensation to the ~~attorney~~lawyer); and

(6)      [No change]

**(b) Approved Legal Aid Organization.**  An "approved legal aid organization" for the purposes of this chapter is a not-for-profit legal aid organization that is approved by the Supreme Court of Florida as set forth herein. A legal aid organization seeking approval from the Supreme Court of Florida for the purposes of this chapter ~~shall~~must file a petition with the clerk of the Supreme Court of Florida certifying that it is a not-for-profit organization and stating with specificity:

(1) – (6)      [No change]

**(c) Supervising Attorney.**  A "supervising attorney" as used ~~herein~~in this chapter is a member in good standing of The Florida Bar who is eligible to practice

law in Florida and who directs and supervises an authorized legal aid practitioner engaged in activities permitted by this chapter.

The supervising attorney must:

(1) – (2)     [No change]